AO 91 (Rev. 02/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
JUL 28 2011
David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. H11-860M |
| Michael SEERY | ) | |

Defendant

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  07/27/2011  in the county of  Harris  in the  Southern  District of  Texas , the defendant violated  21  U. S. C. §  841 (a)(1) and § 841 (b)(1)(A) , an offense described as follows:

knowingly and intentionally manufacturing, distributing, or possessing with the intent to manufacture, distribute, or dispense 1000 or more marijuana plants

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

_____
Complainant's signature

Mickey Teague, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: July 28, 2011

_____
Judge's signature

Nancy Johnson, United States Magistrate Judge
Printed name and title

City and state:   Houston, Texas

# AFFIDAVIT

I, Mickey Teague, being duly sworn, depose and state as follows:

1. I am a Special Agent of the United States Drug Enforcement Administration within the meaning of Title 18, United States Code, § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, United States Code, § 2516.

2. I have been a Special Agent for the Drug Enforcement Administration (DEA) for over fourteen (14) years. I received four (4) months of training in narcotics trafficking investigations and related legal matters at the DEA Training Academy in Quantico, Virginia. I am currently assigned to the Houston Field Office, in Houston, Texas. I have participated in numerous investigations involving the illegal possession and distribution of narcotics and money laundering. I have participated in the investigation of the offenses more particularly discussed below, and reviewed reports prepared by other agents of the DEA and other law enforcement agencies.

3. I have received courses of instruction from the United States DEA, and other law enforcement agencies, relating to investigative techniques and the conduct of narcotics and financial investigations. I have participated in and have conducted investigations which have resulted in the arrests of individuals who have smuggled, received, and distributed controlled substances, as well as the seizure of illegal drugs and proceeds derived from the sale of those illegal drugs.

1

In addition, in connection with these and other cases, I have conducted follow-up investigations concerning the concealment of narcotics produced assets, money, bank records, etc., and the identification of co-conspirators through the use of ledgers, telephone bills and records, and photographs, as related to drug trafficking and money laundering.

4. I have been associated with several investigations involving the interception of wire communications. I am familiar with the ways in which those engaged in the trafficking of controlled substances conduct their business, including, but not limited to, their methods of importing and distributing controlled substances, their use of cellular telephones, digital display paging devices, numerical codes, and code words to conduct their transactions. I am also familiar with the ways narcotics traffickers and others receiving money from narcotics traffickers collect, conceal, and launder the proceeds of their illegal drug trafficking activities, including proceeds derived from the sale and distribution of controlled substances.

5. Based on my training, experience, and participation in controlled substance and money laundering investigations which have resulted from violation of the United States federal drug and money laundering laws, I prepared this Affidavit in support of a criminal complaint charging Michael SEERY with violating Title 21 USC § 841 (a)(1) and § 841 (b)(1)(A), to wit, knowingly and intentionally manufacturing, distributing, or possessing with the intent to manufacture, distribute, or dispense 1000 or more marijuana plants.

## BACKGROUND

6. On July 26, 2011, the Harris County Sheriff's Office (HCSO), the Texas Department of Public Safety (DPS) and the Drug Enforcement Administration (DEA) initiated an investigation into the drug trafficking activities of Michael SEERY. The investigation has revealed that the Michael SEERY is responsible for the illicit cultivation and subsequent distribution of large quantities of marijuana and the laundering of associated drug proceeds.

7. On July 27, 2011, agents and officers from the HCSO, DPS and DEA identified the residential properties located at 7827 Pine Falls Drive in Houston, Texas and 15122 Shady Gate Court, Cypress, Texas, as potential clandestine marijuana grow facilities.

8. On July 27, 2011, state search warrants were issued for 7827 Pine Falls Drive in Houston, Texas and 15122 Shady Gate Court, Cypress, Texas. Officers and Agents subsequently executed the search warrants and discovered active clandestine marijuana growing operations inside both residences. Michael SEERY was arrested on the scene as he attempted to enter the Pine Falls residence and was taken into custody without incident. Agents discovered a key that opened the door at 7827 Pine Falls Drive in SEERY's possession and utilized it to gain entry to the residence. Agents discovered three hundred and eighty-nine (389) live marijuana plants and viable root systems inside the residence located at 7827 Pine Falls Drive in Houston, Texas. After securing this residence SEERY voluntarily identified to Agents the key to 15122 Shady Gate Court, which he also had in his possession. Prior to leaving 7827 Pine Falls,

SEERY also provided Agents with directions to get to 15122 Shady Gate Court. Agents ultimately used the key provided by SEERY to gain entry to 15122 Shady Gate Court. During the search Agents discovered six hundred and thirty-six (636) live marijuana plants and viable root systems inside the residence located at 15122 Shady Gate Court, Cypress, Texas. All the necessary equipment to conduct the growing operation including numerous grow lamps, power inverters for the lamps and blowers were discovered inside both residences. Agents also seized a substantial quantity of dried, processed marijuana, and several bags of processed marijuana packaged for distribution from both residences.

9. After waiving his Miranda rights, SEERY advised S/A Darren Butler and S/A Raul Vargas that all of the marijuana and marijuana plants seized from both residences belonged to him, and stated that he was the sole proprietor of both grow locations. SEERY also stated that he had been growing marijuana inside the Shady Gate residence since 2009 and that he had been growing marijuana inside the Pine Falls residence since 2010. SEERY additionally advised that he distributed his marijuana to a select few retail dealers in the Houston area, and stated that he sold his marijuana for $4,000 to $5,000 per pound.

_____
Mickey Teague, Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN TO before me this ___28th___ day of July, 2011, and I find probable cause.

_____
Nancy Johnson
UNITED STATES MAGISTRATE JUDGE

5